EDMOND McWILLIAMS, County Clerk, Relator, v. ALONZO D. BURNES et al., Respondents.

Kansas City Court of Appeals, December 4, 1905.

1. **COUNTY COURTS: Action of: Records.** The county court is a constitutional court and a court of record, and therefore can only speak by its records.

2. ———: **County Officers: Inspection of Records.** The county court has a right to inspect the records, books and papers in the office of the county officers, including the county clerk.

3. ———: ———: ———: **Orders: Contempts.** Under section 1616, Revised Statutes 1899, a county court may punish · for criminal contempt county officers who willfully disobey its or-. der to produce their books, papers and accounts for inspection.

4. ———: ———: ———: **Injunction: Statute: Prohibition.** Independent of the statute, equity courts take jurisdiction of injunction proceedings but will not issue an injunction where there is an adequate remedy at law; and a county court is not entitled to an injunction restraining a county clerk from disobeying its orders to produce the records of his office for inspection, since it has an adequate remedy to enforce said order under the statute relating to contempt; and prohibition will lie against the judge of the circuit court granting such injunction.

5. ———: ———: ———: **Payment of Expert.** If the county court in making an inspection of the county records obtains the aid of an expert accountant, it is no concern of the county officers whether the court had authority to compensate such expert.

## Original Proceeding by Prohibition.

WRIT GRANTED.

*E. C. Hall* and *F. B. Ellis* for relator.

(1) Plaintiffs in the injunction suit had no capacity to sue for the following reasons: (a) they could not sue as a court; (b) they could not sue as agents of the county; (c) they have no direct or special interest

McWilliams v. Burnes.

in the subject-matter which would authorize them to be complainants. State v. Railroad, 32 Mo. 496; High on Injunctions (2 Ed.), sec. 1556; Pomeroy's Remedies, sec. 112; Beach on Injunctions, sec. 351; R. S. 1899, sec. 540; Fargitt v. McMame, 50 Mo. App. 40; State v. Railroad, 32 Mo. 496; Bank v. Meredith, 44 Mo. 500.　(2) Plaintiffs, as the county court, had a specific statutory remedy for relief for all complaints set forth in their petition to the circuit court. R. S. 1899, sec. 529. And having a legal remedy they cannot be awarded an injunction. High on Injunctions (2 Ed.), sec. 29; Brown's Appeal, 66 Pa. St. 115; Hornsby v. Burdell, 9 S. C. 303; Pomeroy's Remedies (2 Ed.), 124; R. S. 1899, sec. 6790. Courts of equity will not enjoin acts which are criminal in their character. Railway v. Kansas City, 29 Mo. App. 89; R. S. 1899, sec. 516; Knox County v. Hunolt, 110 Mo. 74; Ins. Co. v. Warner, 90 Mo. 177; Delahanty v. Warner, 75 Ill. 185.　(3) The circuit court had no jurisdiction to issue an injunction in this case for the reasons, to-wit: (a) the petition failed to state facts showing that complainants were entitled to equitable relief; (b) the preliminary order attempted to be issued being mandatory in nature and effect, could not issue except upon a hearing of the evidence; (c) the preliminary order undertook to, and its effect was, to dispose of the merits of the controversy without a hearing and was void. Beach on Injunctions, sec. 112; Neiser v. Thomas, 99 Mo. 224; High on Injunctions (2 Ed.), sec. 2; R. S. 1899, sec. 3649; Pomeroy's Remedies (2 Ed.), sec. 124; Merwin on Equity, sec. 783; Hogg's Equity Principles, sec. 232, pp. 345-6; Beach on Injunction, sec. 112, and cases cited; Audenried v. Railroad, 68 Pa. St. 370.　(4) The authorities both in England and this country are very clear that an interlocutory injunction cannot be mandatory. Audenried v. Railroad, 68 Pa. St. 370; Thompson v. City of Patterson, 9 N. J. Eq. 624; Locomotive Works v. Railway, 20 N. J. Eq. 379; Seymer v. Reserve Fund, 35 N. J. Sup. 793; Whittaker v. Michenmae,

37 N. J. Eq. 6; Rice v. Jefferson, 50 Mo. App. 469. (5) Such court has no authority to make the examination attempted. Constitution of Mo., art. 14, sec. 11. (6) If the respondents had the right to cause an examination of the books, papers and records in the county offices they had a right to have the same paid by the county, and conversely, if they cannot have the records examined at the expense of the county they have no authority to have the same examined at all. St. Louis v. Alexander, 23 Mo. 483; Wolcott v. Laurence, 26 Mo. 272; Steiner v. Franklin, 48 Mo. 167; State ex rel v. Harris, 96 Mo. 29; Saline County v. Wilson, 61 Mo. 237; Sturgeon v. Hampton, 88 Mo. 203; Alderson v. St. Charles Co., 6 Mo. App. 420. (7) The writ of prohibition is proper under the circumstances of this case. Brown on Jurisdiction, secs. 174 and 175, and note; State ex rel v. Murphy, 132 Mo. 382; State ex rel v. Aloe, 152 Mo. 478. (8) The county court, being a court of record, speaks only by its record. Maupin v. Franklin Co., 67 Mo. 327; Saline Co. v. Wilson, 61 Mo. 237.

*Dan H. Frost* and *Culver & Phillip* for respondent.

(1) The contention is that the cirucit judge had no jurisdiction because: (a) The county judges themselves had the power to order the clerk not to interfere with them in the examination of the records, and, to enforce their own order by punishing the clerk for contempt. (b) Because the injunction granted by the circuit judge is a mandatory injunction which the court had no power to issue, without hearing evidence. (2) The county judges, charged with the duty of caring for and preserving county funds and county property, have the right to inspect the public records in the clerk's office, either by themselves or with the assistance of others, in order to ascertain if the affairs of the county have been faithfully administered. State v. King, 154 Ind. 621; 24 Am. and Eng. Enc. Law (2 Ed.), p. 183 and n. 5; Phelan v. State, 76 Ala. 49; 24 Am. and Eng. Enc.

Law (2 Ed.), p. 184, n. 2; Scott County v. Leftwich, 145 Mo. 26; Sparks v. Purdy, 11 Mo. 225; County of Marion v. Phillips, 45 Mo. 79; State ex rel v. Gideon, 158 Mo. 338; State ex rel v. Ewing, 116 Mo. 137; State ex rel v. Ryan, 182 Mo. 349; State ex rel v. Court, 41 Mo. 49; Miller v. Iron County, 29 Mo. 122. (3) Injunctions are either preventive or mandatory. Preventive injunctions are those which operate to restrain the commission or continuance of an act or series of acts resulting in injury to the applicant; while mandatory injunctions are those which compel affirmative performance of an act as well as to restrain it. 16 Am. and Eng. Enc. Law (2 Ed.), p. 342. The order made by the circuit court judge did not require the defendant to perform any affirmative act, but only enjoined him from preventing the county judges and their assistant from inspecting and examining the books and records in his office. (4) But if it was a mandatory injunction the great weight of authority is that it was properly granted on an interlocutory application. 16 Am. and Eng. Ency. Law (2 Ed.), 343; and authorities collated n. 5 and 6; R. S. 1899, sec. 3630.

BROADDUS, P. J.—The main facts of the case are as follows: On the 3rd day of July, 1905, the county court of Clinton county, composed of the respondents Culver, Shepherd, and Thurman, entered into a contract with one Jno. M. Crawford, an expert bookkeeper and accountant, whereby they employed him at the stipulated sum of one dollar per hour to assist said county court in making an examination and taking an accounting as to the books and accounts of the sheriff, collector, clerk of the county court, recorder of deeds, and treasurer of said county, from and after the time that each of said officers came into possession of their respective offices down to the first day of July, 1905; and said Crawford was directed to report the amount of moneys collected by each of said officers in fees, or otherwise, of

every kind and description, or paid into their respective offices, and also to report the exact amount expended by each of said officers in the employment of clerks, clerical force, or otherwise, as such officers, and to render to the court, under its direction, a full statement and account of all transactions of each of said officers during said time.

On the 7th day of July, 1905, certain tax-paying citizens of the county applied for an injunction to restrain said county court from putting into execution and carrying out said contract with Crawford, and from interfering in any way with the records and papers of the said county officers in the custody of the relator or county clerk. The judge of the circuit court being absent from the county, the judge of the probate court, in vacation, issued a temporary injunction restraining the respondents from carrying out said contract with said Crawford, but he did not make any further order restraining the county court from making any examination of said books, accounts, etc., of said county officers.

Afterwards, respondents applied to the relator for the privilege of making said examination in connection with the assistance of said Crawford, but the relator refused to allow them to do so. The relator's excuse for the refusal was that such an examination would be a violation of said temporary injunction. The evidence taken in the case indicates that relator was willing for the county court to make such examination, but not in connection with said Crawford; that he was unwilling to turn over the books and papers in his office to said Crawford for such examination. It is further shown that the respondents had determined to go on with such examination in connection with said Crawford, but not at the expense of the county while the injunction was in force, but to pay for his services with their own money, or that raised by public subscription. One reason assigned by the relator for his objection to such examination by Crawford was that the investigation was inspired by

his political enemies for the purposes of injuring his standing in the county.

Afterwards, the respondents applied to the circuit court of the county for an injunction to restrain relator from interfering with them in their proposed examination of said books, etc. After setting forth their purpose and belief in the necessity for such examination, including also an examination of the school-fund loans of the school districts and the county, and the necessity to have an expert accountant as an assistant in so doing, they allege that it is not their intention to put the county to any expense for such assistance while said injunction is in force. The said court, without a hearing of evidence, issued a temporary injunction restraining relator, his deputies, servants, and associates from refusing to permit respondents, and such other persons as may be assisting them therein, to inspect any and all public records, books, documents, papers, and files in his office, and of which he has the care, custody, and control as clerk as aforesaid, and from denying respondents and such persons as may be assisting them therein access to the same until further orders. The object of the writ herein is to prohibit the said Alonzo D. Burnes, as judge of said circuit court, and the respondents, as judges of the county court, from further proceeding in said injunction, and to undo what has already been effected by the same. All the respondents have made answer to the proceedings.

Relator contends that, under the facts, the injunction was not authorized and that the circuit court exceeded its jurisdiction in issuing the same. It is argued that the respondents, as constituting the county court, never made application for said inspection; that the application for the purpose made by one of its judges, without an order made by the court, was not an application made by the court; and that the respondents could only act as court, and such act must be evidenced by its orders. And, further, as no such application for an inspection had ever been refused by the relator, therefore,

none could have been denied.

It must be admitted, as a question of law, that the respondents, judges of the county court, can only perform the functions of their offices in one manner—that of a court as a body; and that whatever they do as such must be evidenced by their records. The county court is a constitutional court, and a court of record, and can only speak by its records. The right of respondents, as a court representing the county, to inspect the records, books and papers in relator's office is indisputable. [Mechem's Public Offices and Officers, sec. 687; State ex rel. v. Williams, 96 Mo. 13; State ex rel. v. Hoblitzelle, 85 Mo. 624.] It would be absurd to hold that the county court would not have at all times access to such records, etc.

The preliminary question in this case is, however: Do the respondents in their application state a case in equity? The right to an injunction exists to prevent the doing of any legal wrong whatever, whenever, in the opinion of the court, an adequate remedy cannot be afforded by an action at law for damages." [Sec. 3649, R. S. 1899.] Independent of the statute, courts of equity take jurisdiction of injunction proceedings. [Pomeroy's Equity Jurisdiction, sec. 110.] But a court will not issue an injunction when the applicant has an adequate remedy at law. [High on Injunctions, secs. 29-30.] The respondents, constituting the county court, had a complete remedy under section 1616, Revised Statutes 1899; which provides, among other things, that every court of record shall have power to punish for criminal contempt persons guilty of a "willful disobedience of any process or order lawfully issued or made by it." Under this statute, respondents had the power to compel relator to obey any lawful order it may have made with reference to an inspection of said records, books, etc. They have asked a court of equity to do for them that which they could as well have done themselves. With equal authority, the

court would be authorized to issue a mandatory injunction upon the application of the judge of the circuit court to compel its clerk to obey one of its lawful orders. Any order made by the county court would be just as effective as the order made by the circuit court granting the injunction. The relator could disobey one as well as the other, and the only remedy against him would be punishment under the statute for contempt.

In what has been said, it is not to be implied that the county court can make any order in conflict with the order of injunction issued at the instance of the tax-paying citizens to prevent respondents from carrying out their contract to pay said Crawford for his assistance in making said inspection. Independent of the question of their authority to compensate an expert accountant to aid them in so doing, it seems to us that, if they could obtain such aid, it would be no concern of the relator so long as his rights as custodian would not be interfered with.

As respondents' application contains no equity, the circuit court had no jurisdiction over the subject-matter; consequently, its action in issuing said injunction was without legal authority. Therefore, it is ordered and decreed that the writ of prohibition, as prayed for, be sustained. All concur.